UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAURA J. DESIMONE

      Plaintiff,

v.                               CASE NO. 8:06-cv-01246-MAP

LINDA S. MCMAHON
Acting Commissioner of Social Security,

      Defendant.
_____/

**ORDER**

Pursuant to 42 U.S.C. § 1383 and 405(g), the Plaintiff seeks judicial review of the Commissioner's decision denying her Supplemental Security Income (SSI) claiming the ALJ erred at step five of the sequential analysis in failing to appropriately consider her subjective complaints and her impairments in combination.  After reviewing the administrative record, I find the ALJ followed the regulatory scheme; accordingly, the Commissioner's decision is affirmed and the Plaintiff's complaint is dismissed.[1]

*A. Background*

Born on July 27, 1959, the Plaintiff was 46 years old at the time of the last administrative decision on July 21, 2005.[2]  She alleges she became disabled on May 22, 2002, due to chronic obstructive pulmonary disorder (COPD), cervical spondylosis, hepatitis C, degenerative disc

---

[1] The parties consented to my jurisdiction pursuant to 28 U.S.C. § 636(c).  (Doc. 12).

[2] Plaintiff previously applied for SSI benefits on June 16, 2000 and her application was denied on May 21, 2002  (R.42-51).  The Plaintiff cannot receive SSI for any period prior to the month in which she filed her application, pursuant to 20 C.F.R. § 416.330 and § 416.335, (2006).  Therefore, the relevant time period for deciding the Plaintiff's current SSI claim is the month in which she filed for SSI (June 2002) and thereafter.

disease (DDD), and depression.  She has a high school equivalent education and work experience as a reading tutor, landscaper, and elementary school maintenance worker and cafeteria helper.  After carefully reviewing the record evidence, the ALJ concluded that the Plaintiff has enough residual functional capacity (RFC) to perform a significant range of light work with nonexertional limitations.  Relying on testimony from a vocational expert and the grids (see Medical-Vocational Guidelines, 20 C.F.R., Part 404, Subpart P, App. 2), the ALJ determined that the Plaintiff could perform jobs in the national economy such as an office helper, cashier, and ticket seller.  (C.R. 16-23).

   B. *Standard of Review*

The Social Security Administration, in order to regularize the adjudicative process, has established a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a).  Thus, the Commissioner must determine in sequence the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform her past relevant work.  If the claimant cannot perform the tasks required of her prior work, step five of the evaluation process requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education and work experience.  A claimant is entitled to benefits only if unable to perform other work.  *See*  20 C.F.R. § 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

In reviewing the ALJ's findings, this Court must ask if they are supported by substantial evidence. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971). Even if the evidence presented weighs against the Commissioner's decision, it must be affirmed if supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). "Substantial evidence is more than a scintilla, but less than a preponderance." *Richardson*, 402 U.S. at 401. "It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth*, 703 F.2d at 1233. If supported by substantial evidence, findings of the Commissioner are conclusive. 42 U.S.C. § 405(g).

*C. Discussion*

*1. Plaintiff's subjective complaint*s

The Commissioner must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence. *See* 20 C.F.R. §§ 404.1529 and 416.929. "Objective evidence" means medical signs shown by medically acceptable clinical diagnostic techniques or laboratory findings. 20 C.F.R. §§ 404.1528 and 404.928. "Other evidence," as that term is used here, includes evidence from medical sources, medical history, and statements about treatment the claimant has received. *See* 20 C.F.R. §§ 404.1512(b)(2)-(6) and 416.912(b)(2)-(6). The Eleventh Circuit pain standard incorporates this scheme by requiring: Evidence of an underlying medical condition and either (a) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (b) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. *Foote v. Chater,* 67 F.3d 1553, 1560-61 (11th Cir. 1995); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th

Cir. 1986). Indeed, in certain instances, pain alone can be disabling even if unsupported by objective evidence. *Foote* at 1561.

Contrary to her claim that the ALJ failed to adhere to this standard, the ALJ carefully considered the Plaintiff's subjective complaints in reaching his conclusion that she is not disabled. The ALJ specifically mentioned that the Plaintiff's medical record does not indicate she has a medical condition that could be expected to cause "excruciating" pain. Her physical examinations show she had a normal gait, normal reflex response, intact strength and sensation. Additionally, the Plaintiff reported the treatment controlled her pain despite these side effects (R. 20). The ALJ's failure to mention the exact words "fatigue" and "need to rest" do not negate or detract from the overall finding that the Plaintiff can still perform light work. The record shows evidence of the severe impairments, but the ALJ concluded the Plaintiff's allegations were "partially credible, but not to the extent alleged." R. 23. Her testimony and her other activities failed to confirm that she suffered from severe disabling pain. R.16-23. Moreover, the ALJ relied on the Plaintiff's medical records, supported by accepted diagnostic methods, and other evidence, including her treatment, medical history and statements. Therefore the ALJ sufficiently followed the requirements of the regulatory scheme in considering the Plaintiff's subjective symptoms and the decision is supported by substantial evidence.

*2. Combined effect of all impairments and subjective symptoms*

The ALJ must evaluate the "whole person" in determining the disabling effect of a claimant's impairment, meaning that the ALJ must consider a claimant's impairments individually and in combination. *Davis v. Shalala,* 985 F. 2d 528, 534 (11th Cir. 1993). The Eleventh Circuit has repeatedly stated that an ALJ has the duty to consider the Plaintiff's

physical and mental impairments in combination.  *Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990); *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986); *Hudson v. Heckler*, 755 F.2d 781, 785 (11th Cir. 1985).  The ALJ must make specific and well-articulated findings to determine whether the combination of impairments are disabling.  *Walker v. Bowen*, 826 F.2d 966, 1001.

      Clearly, the ALJ assessed the Plaintiff's physical and mental impairments individually and in combination: "While the evidence shows that the claimant has physical and mental impairments that are capable of producing severely limiting symptoms, it does not support the severe limitations the claimant describes."  R. 20.  The ALJ supported these conclusions with ample evidence. Contrary to the Plaintiff's claim, the ALJ examined the Plaintiff's mental health records, GAF scores, and the effectiveness of medications to aid in her mental rehabilitation.  A psychological examination in January 2001 showed that the Plaintiff's speech was logical, coherent and goal directed.  (R. 18).  She showed auditory attention, calm motor activity, and organized and relevant speech.  (R. 18). Relying on this and other psychological evaluations, the ALJ concluded that she showed only dysphoric or depressed mood and had occasional, moderate impairments.  Additionally, the ALJ noted that only one of the treating physicians stated the Plaintiff had any further mental impairment, and that her mental impairments improved with medication.  (R. 19).  The Plaintiff's physical examinations show she suffered discomfort, tenderness and decreased range of motion, but no significant muscle atrophy.  (R. 18).  Her medical records show she had a normal gait, normal reflex response, intact strength and sensation. (R. 20).  Additionally, the Plaintiff's mental and physical conditions improved with medication.  (R. 20). The ALJ stated: "Certainly these findings do not support the claimant's

allegations of inabilities to sit or stand/walk more than twenty to thirty minutes or lift only less than ten pounds."  (R. 20).

All this sufficiently supports the ALJ's findings that the Plaintiff possessed the RFC to perform light work, despite her severe impairments.

   *D. Conclusion*

For the reasons stated, it is hereby

ORDERED:

1. The Plaintiff's complaint is dismissed and the Commissioner's decision affirmed.

2. The Clerk is directed to enter judgment for the Commissioner.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:
Counsel of record